# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REX LEE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cv-01052-APG-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

      This matter is before the Court on Defendant's Motion to Compel (#13), filed August 14, 2013; Plaintiff's Response (#14), filed September 3, 2013; and Defendant's Reply (#17), filed September 13, 2013. By way of the motion, Defendant seeks executed authorizations to obtain certain records. In response, Plaintiff's counsel indicates that the executed authorizations have been provided. Plaintiff's counsel opposes an award of fees arguing the delay in providing the authorizations was substantially justified. Defendant disagrees and requests an award of costs and fees associated with its motion.

      The motion was made pursuant to Rule 37(b)(2). The relief sought by Defendant was an order requiring Plaintiff to execute the authorizations, which Plaintiff provided after the motion was filed. Defendant also seeks an award of fees and costs pursuant to Rule 37(b)(2)(C), which provides: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court has reviewed the record and finds that an award of fees and expenses is not warranted. Plaintiff's counsel has been diligent in his effort to obtain and provide the authorizations. Defendant's attempt to capitalize on Plaintiff's incarceration is not well taken and the request for fees is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel (#13) is **denied as moot**. Each party shall bear their own fees and expenses.

DATED: September 27, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**